IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION


THE UNITED STATES OF AMERICA, * Case No. MO-09-CR-238
                              *
    Plaintiff,                *
                              *
      v.                    *
                              *
JOHN CHRISTOPHER BRUNSON,      *
                              *
    Defendant.                *
* * * * * * * * * * * * * * * * January 20, 2010

----------------------------------------------------

PLEA HEARING

BEFORE THE HONORABLE DAVID COUNTS

UNITED STATES MAGISTRATE JUDGE

----------------------------------------------------

APPEARANCES:

For the Plaintiff:  UNITED STATES ATTORNEY'S OFFICE
                  By:  Ms. Kerry Fleck
                  400 West Illinois, Suite 1200
                  Midland, Texas  79701


For the Defendant:  LAW OFFICES OF ROY SCOTT
                  By:  Mr. Damian Castillo
                  407 N. Big Spring, Suite 200
                  Midland, Texas  79701




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1  THE COURT:  All right.  We'll call U.S.

2  versus John Christopher Brunson.  That's MO-09-CR-238.

3  Announcements for the Government, please.

4  MS. FLECK:  Kerry Fleck on behalf of the

5  Government.

6  THE COURT:  Thank you, Ms. Fleck.

7  For the Defense?

8  MR. CASTILLO:  Damian Castillo on behalf of

9  Mr. Brunson.  We're present and ready.

10  THE COURT:  Thank you, Mr. Castillo.

11  Mr. Brunson, if you will come on up here, sidle

12  up to the -- to the microphone on the podium there

13  with Mr. Castillo.

14  You are one and the same person that was indicted

15  in this cause I just called; correct?  You are John

16  Christopher Brunson?

17  THE DEFENDANT:  That's correct, your Honor.

18  THE COURT:  If you will raise your right

19  hand, we'll have you sworn to tell the truth.

20  (Witness sworn by the Courtroom Deputy.)

21  THE COURT:  Lower your hand.  And speak up.

22  Mr. Castillo will tell you, Mr. Brunson, that while --

23  while I can -- I can probably tell from your facial

24  expressions what your answers are to my questions, we

25  are electronically recording all of this.  And, so, if

1  you ever want to come back, Mr. Castillo, or a future

2  attorney, or you individually want to ever come back

3  and see if we did this right, if your answers are not

4  audible on that recording, it's going to be impossible

5  to tell.  So, if you would speak up into the

6  microphone.  That's why we insist upon that.

7       Secondly, the acoustics are not great, and so it

8  helps -- it helps us all to hear.

9       Mr. Castillo, let me ask you if you have any

10  doubt as to your client's competence to enter a guilty

11  plea this morning?

12       MR. CASTILLO:  No, I do not, your Honor.

13       THE COURT:  Ms. Fleck, does the Government

14  have any information contrary to that?

15       MS. FLECK:  No, your Honor.

16       THE COURT:  Thank you.

17  Mr. Brunson, do you suffer from any mental

18  condition or take any drugs that might interfere with

19  your ability to understand what we are doing this

20  morning?

21       THE DEFENDANT:  No, your Honor.  The only

22  medication I'm on is my antidepressants.

23       THE COURT:  Antidepressant?  Okay.

24       THE DEFENDANT:  Yes, your Honor.

25       THE COURT:  You're able to discuss and

1   understand everything that's going on?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Very well.  And you are taking

4   your antidepressant medication; right?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  And you have been for some time?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  So, that's not new?

9           THE DEFENDANT:  I just recently got back on

10  it, about five months ago.  But I've been taking it

11  regularly since then.

12          THE COURT:  Regularly for the last five

13  months or so.  And you're able to function, --

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  -- and talk things through with

16  Mr. Castillo and understand what he's telling you?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  All right.  It's very important

19  that you understand everything we do today.  And, so,

20  I'm going to be going through a number of things with

21  you, and there's going to be a lot of give and take.

22  You're going to be answering my questions, and you

23  certainly may ask me questions, if you would like.

24  You also may ask Mr. Castillo questions any time

25  during this -- this hearing.

1       Now, it's important that you know -- And you
2   remember you swore to tell the truth, so if any
3   statement that you make is untrue, the Government
4   would be within their authority to come and prosecute
5   you for a separate offense for false statement of
6   perjury.
7       Do you understand?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  If you at any time don't
10  understand anything that I'm telling you, please -- or
11  asking you, please tell me.  Don't just answer a
12  question thinking you're going to answer the way I
13  want you to answer, because I don't care.  I want you
14  to answer the way you want to answer.  All right?
15          THE DEFENDANT:  Yes, your Honor.
16          THE COURT:  Very well.
17      Now, you have a right to proceed and plead guilty
18  to the District Judge.  You may, however, waive that
19  right and plead guilty to me, a Magistrate Judge who
20  works for that District Judge.
21      Do you understand your right to plead guilty to
22  him, to the District Judge?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Do you agree to waive that right
25  and plead guilty to me today?

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  I see a consent form that you

3    signed today, along with Mr. Castillo and Ms. --

4        Actually, your signature is not on here.

5    Let's -- Let's have you sign that, just to -- And --

6        No, no, no.  No problem.  With all the documents,

7    Mr. Brunson, we've -- we just missed that one.

8            (Sotto voce exchange.)

9        THE COURT:  Thank you.

10       All right.  Now, with -- in consultation with

11   your attorney, Mr. Brunson, you have now signed this

12   consent to do exactly that, to have me take your plea

13   and recommend its acceptance to the -- to the District

14   Judge; is that correct?

15       THE DEFENDANT:  Yes, your Honor.

16       THE COURT:  Very well.

17       Mr. Brunson, in your mind, in your belief, have

18   you had enough time -- have you had sufficient time to

19   discuss your case fully, and any defenses that you may

20   have, with Mr. Castillo?

21       THE DEFENDANT:  Yes, your Honor.

22       THE COURT:  Mr. Castillo, do you agree with

23   Mr. Brunson that you and he have had sufficient time

24   to discuss the case and any defenses he may have to

25   the charge?

1    MR. CASTILLO:  I believe we have, your

2  Honor.

3    THE COURT:  Now, Mr. Brunson, let me ask

4  you if you are satisfied with Mr. Castillo's

5  representation of you in this matter?

6    THE DEFENDANT:  Yes, your Honor.

7    THE COURT:  And you were charged by way of

8  an indictment back in September of 2009.  And it's a

9  one-count indictment charging you with production of

10  child pornography by a parent.

11    Did you receive a copy of the indictment against

12  you?

13    THE DEFENDANT:  Yes, your Honor, I did.

14    THE COURT:  Mr. Brunson, did you read or

15  have that indictment read to you?

16    THE DEFENDANT:  Yes, your Honor, I did.

17    THE COURT:  And do you understand that

18  charge, production of child pornography by a parent?

19    THE DEFENDANT:  Yes, your Honor, I do.

20    THE COURT:  Would you like us to have it

21  read in court, or do you want to waive the reading of

22  the indictment, sir?

23    THE DEFENDANT:  That's not necessary, your

24  Honor.  I'll waive it.

25    THE COURT:  All right.  Very well.

1    And you understand that that indictment was

2    returned by a Federal Grand Jury, they met and

3    discussed the evidence to decide whether or not there

4    was a crime, and then to decide who committed that

5    crime, if they decided that there was a crime.  And,

6    obviously, they did.

7    Do you understand that when that indictment was

8    returned, then, it starts the process, leading -- a

9    scheduling order comes after that, and all the -- all

10   the things that come from that indictment.  Do you

11   understand that?

12   THE DEFENDANT:  Yes, your Honor.

13   THE COURT:  So, it starts sort of -- It sort

14   of helps us with -- It's a charging instrument only.

15   It tells Ms. Fleck and the Government what they have

16   to prove if you go to trial, what they have to prove

17   beyond a reasonable doubt, and the legal elements that

18   they have to establish.  It tells you what you have to

19   defend yourself from and what you have to hold the

20   Government to; it tells Mr. Castillo what he's got to

21   hold the Government to proving in order for you to be

22   found guilty.

23   Do you understand all of that?

24   THE DEFENDANT:  Yes, your Honor.

25   THE COURT:  And that's the indictment.

1    Do you also understand that that indictment is in

2  no way evidence of guilt?

3         THE DEFENDANT:  Yes, your Honor.

4         THE COURT:  It's not evidence against you at

5  all.  In fact, if the Government were to stand up at

6  trial and just introduce the indictment into -- into

7  evidence and rest, and put nothing else in evidence,

8  then they'd lose; you'd win.  Do you understand?

9  Because it's not evidence at all.  Do you understand

10  that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand, more

13  importantly, that you have the right to plead not

14  guilty to that indictment and put the Government to

15  their proof?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  And, knowing all of that, is it

18  still your desire to plead guilty today to this

19  indictment?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Under the Constitution and the

22  laws of the United States, Mr. Brunson, you have the

23  right to a trial by jury and you have the right to the

24  assistance of an attorney at that trial.  You have the

25  right to confront and cross-examine the witnesses that

1  the Government would bring against you.  And your

2  attorney would do that on your behalf and with your

3  assistance; you would be able to pass him notes, ask

4  him to ask certain questions, and things like that.

5  You also have the right to compel witnesses to come

6  and testify who might be of benefit to you.  You have

7  the right to present evidence in your own behalf.

8      Do you understand all of those rights?

9         THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Now, you also are presumed to be

11  innocent.  The Government is required to prove your

12  guilt beyond a reasonable doubt before you could be

13  found guilty by a trier of fact.

14      Also, at a trial, while you would have the right

15  to testify if you chose to, if you didn't want to

16  testify, you wouldn't have to.  Nobody can make you.

17  And if you chose not to testify, that fact could not

18  be held against you.

19      Do you understand?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  And not only could it not, it

22  would not be held against you.

23      Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  If you persist with your guilty

1  plea this morning, you're going to give up your right
2  to a trial; there won't be a trial, Mr. Brunson, there
3  won't be witnesses against you at guilt/innocence.
4  That -- The decision of guilty or not guilty is going
5  to be made up (sic), because you're judicially
6  confessing to the crime.  You're going to give up all
7  these other rights I have discussed with you, except
8  for the right to have this fine attorney with you
9  through the conclusion of the case.  So, Mr. Castillo
10  will represent you through your sentencing, at least.
11  But, other than that, you've given up all your other
12  rights and -- that we've discussed.  And you're also
13  giving up any defenses that you have to the charge, or
14  any defenses you may even just think you have.  Maybe
15  you don't even have those defenses, but you would like
16  to sort of float some defenses before the trier of
17  fact just to see if they work.  You're going to give
18  all that up.

19      Do you understand?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Let me ask you then, for the
22  record, do you agree to give up your rights and plead
23  guilty to the charge in Count 1 of the indictment
24  against you that we have discussed this morning?

25          THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Are you pleading guilty because

2    you are guilty and for no other reason?

3    THE DEFENDANT:  Yes, your Honor.

4    THE COURT:  Now, Mr. Brunson, the penalty

5    you face for the charge to which you are pleading

6    guilty is a minimum mandatory term of 15 years in

7    prison, up to but not to exceed 30 years in prison; a

8    five-year minimum mandatory term of supervised

9    release, which means at least five years, and a

10   maximum of life supervised release; a fine not to

11   exceed $250,000; and a $100 mandatory special

12   assessment that the Victims of Crime Act requires.

13   And that money goes into the Victims of Crime fund.

14       Do you understand the maximum penalties that you

15   face upon your conviction; sir?

16   THE DEFENDANT:  Yes, your Honor.

17   THE COURT:  Now, the District Judge will

18   impose a sentence upon you after considering

19   guidelines established by the United States Sentencing

20   Commission.  An applicable guideline range will be

21   determined based on such things as the nature and

22   circumstances of the offense, your role in the

23   offense, and any criminal history that you may bring

24   to the -- to the Court.  Those guidelines are,

25   however, merely advisory to the Court, and while he

1  will consider them, he's not bound to accept them or

2  to sentence you within the applicable guideline

3  range.  What he is required by law to do is sentence

4  you to a reasonable term within the statutory range,

5  which I have told you is 15 to 30 years, along with

6  the other -- the other elements, the other items.

7      So, if the Court sentences you to a reasonable

8  term within the statutory range, but outside of that

9  guideline range that's applicable, you will not have

10 the right to withdraw your guilty plea.

11     Do you understand?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Now, Mr. Brunson, do you

14 understand that the sentencing guidelines will likely

15 recommend against probation in your case?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that your

18 attorney, and Ms. Fleck for the Government, they do

19 this every day, and they're very good at it; they're

20 very schooled in what they do.  And they often are

21 very good at predicting, I'm sure, the applicable

22 guideline range, and even your eventual sentence, what

23 it will be.  And if I were in your position, that's

24 what I'd be interested in; I'd be interested in

25 knowing, what are the guidelines and what's my

1  sentence going to be.  But you need to understand that

2  no one can accurately predict what your eventual

3  sentence will be.

4       Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Now, there's no parole in

7  federal court.  The term of imprisonment that you

8  receive is the time that you will serve, less any good

9  time credit should you receive any good time credit

10  from the Bureau of Prisons.

11       Do you understand?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  I told you there was supervised

14  release of five years -- minimum mandatory of five

15  years up to life supervised release that you will be

16  assessed, as well.  Supervised release is served after

17  you have completed your initial term of confinement,

18  then you'll start your supervised release.

19       While you're are on supervised release, you're

20  going to be required to comply with various conditions

21  of that release.  Failure to comply with any of those

22  conditions, Mr. Brunson, can result in the revocation

23  of your supervised release and the imposition of any

24  additional term of confinement.

25       Do you understand?

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  Mr. Brunson, are you pleading

3  guilty freely and voluntarily, with full knowledge of

4  the consequences?

5    THE DEFENDANT:  Yes, your Honor.

6    THE COURT:  Has anyone threatened you,

7  coerced you or forced you in any way to plead guilty?

8    THE DEFENDANT:  No, your Honor.

9    THE COURT:  Has anyone made any promise to

10  you that causes you to plead guilty?

11    THE DEFENDANT:  No, your Honor.

12    THE COURT:  Has anyone made any promise to

13  you as to what your sentence will be?

14    THE DEFENDANT:  No, your Honor.

15    THE COURT:  Now, at -- at sentencing, the

16  Government may make recommendations that will be of

17  benefit to you at sentencing.  They may not, but if

18  they do, you need to know that those are merely

19  recommendations and they're not binding on the Court.

20  And while I'm sure that the Court would consider any

21  such recommendations, you have to understand that

22  those are merely recommendations, and he is not bound

23  to accept those.

24    Do you understand that?

25    THE DEFENDANT:  Yes, your Honor.

1      THE COURT:  Now, I understand that --

2   Was there a suppression hearing in this cause?

3      MR. CASTILLO:  There was, your Honor.

4      THE COURT:  So, that was -- Obviously, the

5   District Judge ruled against you.  And you'll

6   obviously have that right to appeal.  You're not

7   giving up your right to appeal in any way, Mr. Brunson.

8   So, you have that right as well.

9   Do you understand?

10     THE DEFENDANT:  Yes, your Honor.

11     THE COURT:  Now, in your case, this charge

12  of production of child pornography by a parent, the

13  legal elements of that charge would be that you, being

14  a parent or a legal guardian of a minor, permitted

15  that minor to engage in sexually explicit conduct for

16  the purpose of producing a visual depiction.  In this

17  instance, the Government -- the Grand Jury has charged

18  that that was photographs of that conduct.  That

19  visual depiction was produced using materials that had

20  been mailed, shipped or transported in interstate or

21  foreign commerce.  Those are the legal elements that

22  the Government would be required to establish before

23  your case could even get to a jury.

24     Do you understand those legal elements,

25  Mr. Brunson?

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  Now, there's a separate document

3  filed in your cause just this morning entitled,

4  "Factual Basis."  And it's two pages in length.  And

5  it appears on the second page merely just to have

6  signatures, and it appears to have your signature,

7  Mr. Castillo's signature, as well as Ms. Fleck's

8  signature for the Government, and today's date.

9      Is that your signature on that second page?

10      THE DEFENDANT:  Yes, your Honor, it is.

11      THE COURT:  Prior to signing your -- this

12  factual basis, Mr. Brunson, did you read or have read

13  the factual basis to you?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Did you have a chance to go over

16  it with Mr. Castillo and ask him questions if you had

17  questions?

18      THE DEFENDANT:  Yes, your Honor.

19      THE COURT:  I notice there's one lined-out

20  portion of a -- of a sentence that basically -- And it

21  appears you have initialed that, along with Ms. Fleck

22  and Mr. Castillo.  Are those your initials on the

23  front page?

24      THE DEFENDANT:  Yes, your Honor.

25      THE COURT:  And there is a portion of a --

1  The sentence will now read, "Some of these photographs

2  depicted a lascivious display of the child's

3  genitalia."  And that's where the sentence will now

4  stop, and the -- the redacted portion will not be a

5  part of that factual basis.

6       Is that correct, Ms. Fleck?

7            MS. FLECK:  Yes, your Honor.  We are

8  reserving our right to argue that issue at sentencing.

9  But, for purposes of the plea, that's correct.

10            THE COURT:  All right.  Very well.

11       Mr. Castillo, that's your understanding, as well?

12            MR. CASTILLO:  That's my understanding.

13            THE COURT:  All right.  So, there may be

14  some arguments at -- at sentencing, but for now the

15  parties are willing to have this factual basis support

16  the guilty plea.

17       Do you understand, Mr. Brunson?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  And that's your desire, as well?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Now, you told me you read the

22  factual basis or had it read to you, you discussed it

23  with Mr. Castillo, you asked him questions if you had

24  them.  The factual basis, as it now is stated, with

25  the redaction, is that factual basis true?

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  Do you have any questions about

3 the factual basis?

4    THE DEFENDANT:  No, your Honor.

5    THE COURT:  Mr. Brunson, now that we've

6 discussed your indictment, we've talked about the

7 factual basis, we've talked about the legal elements,

8 I've done my best to explain them to you --

9    And, by the way, do you have any questions about

10 the legal elements that the Government would have to

11 establish?

12    THE DEFENDANT:  No, sir.

13    THE COURT:  Let me ask you again if you

14 understand the nature of the charge against you in

15 that indictment, sir?

16    THE DEFENDANT:  Yes, your Honor.

17    THE COURT:  Before you could be found

18 guilty, let me reiterate that at trial the Government

19 would be required to establish those legal elements,

20 as well as prove the facts in the factual basis at

21 least to a point beyond a reasonable doubt in order

22 for you to be found guilty by a trier of fact.

23    Do you understand that?

24    THE DEFENDANT:  Yes, your Honor.

25    THE COURT:  Do you have any questions about

1  the charge against you or the factual basis?

2          THE DEFENDANT:  No, your Honor.

3          THE COURT:  Do you have any questions about

4  anything else we've covered this morning, that we've

5  talked about?  Anything at all?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Anything you would like to speak

8  with Mr. Castillo about before we proceed?

9          THE DEFENDANT:  No, your Honor.

10          THE COURT:  Having now gone through all of

11  this, this morning, Mr. Brunson, is it still your

12  desire to plead guilty to the charge?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  And as to Count 1 of the

15  indictment against you, Mr. Brunson, do you -- how do

16  you plead, guilty or not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  Is there anything we've

19  discussed today that you do not understand,

20  Mr. Brunson?

21          THE DEFENDANT:  No, your Honor.

22          THE COURT:  The Court then finds that the

23  Defendant is competent to stand trial; the Defendant

24  fully understands the nature of the charge and the

25  penalties; the Defendant understands his

1  Constitutional and statutory rights and desires to
2  waive them; the Defendant's plea is freely, knowingly
3  and voluntarily made; and there is a factual basis
4  that does support this plea.

5      I'll recommend, Mr. Brunson, to Judge Junell,
6  that he accept your guilty plea and enter a judgment
7  of guilt against you.

8      What's going to happen now is, I talked to you
9  about those guidelines.  The case is going to be
10 referred to the probation office.  They're going to
11 draft, with as much or little input as you want to
12 have, a presentence report, which will include factual
13 stuff about your background and your history, your
14 family, things like that, as well as facts about this
15 offense, and they're going to calculate those
16 guidelines.  You'll have an opportunity to have input
17 in it.  You'll also have an opportunity, well before
18 sentencing, to get a copy of it.  And you and
19 Mr. Castillo, as well as the Government, will be able
20 to go through it, raise any red flags, if you have
21 them, as far as clarifications, whether they be
22 misspellings of your mother's name, or things like
23 that, or ages, things like that, or you also may want
24 to file objections.  And you'll need to do that in a
25 timely fashion.  Mr. Castillo will walk you through

1   that, as well.

2        Do you understand what's -- what we have done

3   today?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  Do you have -- Do you understand

6   what's going to happen next?

7             THE DEFENDANT:  Yes, your Honor.

8             THE COURT:  Have you had any problem,

9   Mr. Brunson, understanding anything that I have --

10  that I have said today?

11            THE DEFENDANT:  No, your Honor, I have not.

12            THE COURT:  I didn't note anything, either.

13  So, I believe you made full and knowing waiver of all

14  your rights.

15       Mr. Castillo, is there anything we need to take

16  up on Mr. Brunson's behalf before we recess?

17            MR. CASTILLO:  Not at this time, your Honor.

18            THE COURT:  Ms. Fleck, anything further from

19  the Government?

20            MS. FLECK:  Your Honor, I would just like

21  the Court to know that there are some people here to

22  show support for the victim.  Agent Santana, Mr. and

23  Mrs. Howell, and Mrs. Wright.  Mr. and Mrs. Howell

24  took immediate custody of the child when this crime

25  was committed, and helped her for quite a bit of time,

1  and Mrs. Wright currently has custody of her and is

2  taking her to therapy on a regular basis and helping

3  her recover.  And they're here to show support for the

4  victim.

5           THE COURT:  Great, I remember your -- all of

6  your names from the past dealings we've had in court,

7  and I thank you very much for being here, and I thank

8  you, most importantly, for what you're doing.  Thank

9  you so much.

10      Thank you, Ms. Fleck.

11      Mr. Brunson, you will be remanded to the custody

12  of the Marshals, and I wish you the best of luck.

13      Thank you, Mr. Castillo.

14                  (Recess.)

15

16

17              * * * * * * * * * * *

18

19      I, Court approved transcriber, certify that the
   foregoing is a correct transcript from the official
20  electronic sound recording of the proceedings in the
   above-entitled matter.

21

22  /s/ Darla Messina                 June 29, 2010
   Signature of Approved Transcriber     Date

23

24

   Darla Messina
25  Typed or Printed Name