United States Court of Appeals
Fifth Circuit

F I L E D
April 18, 2011

Lyle W. Cayce
Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 10-50549
Summary Calendar

FILED

MAY 1 0 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

D.C. Docket No. 7:09-CR-238-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JOHN CHRISTOPHER BRUNSON,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, Midland Odessa

Before JOLLY, GARZA, and STEWART, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: MAY 1 0 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

MAY 1 0 2011

New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2011

Lyle W. Cayce
Clerk

No. 10-50549
Summary Calendar

UNITED STATES OF AMERICA,

            Plaintiff-Appellee

v.

JOHN CHRISTOPHER BRUNSON,

            Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-238-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Christopher Brunson appeals the 360-month sentence imposed following his guilty plea to production of child pornography by a parent in violation of 18 U.S.C. § 2251(b). Brunson argues that the district court clearly erred in imposing a two-level vulnerable victim adjustment to his base offense level pursuant to U.S.S.G. § 3A1.1(b)(1) because the victim's age and Brunson's parental relationship to the victim had already been taken into account by two other separate guidelines enhancements. *See* § 2G2.1(b)(1)(A); § 2G2.1(b)(5). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the double-counting is proscribed by the application notes to the vulnerable victim Guideline. *See* § 3A1.1, comment. (n.2).

"[T]he determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make." *United States v. Wilcox*, 631 F.3d 740, 753-54 (5th Cir. 2011). We "review the district court's interpretation of the guidelines *de novo*," and "a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." *United States v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997) (internal quotation marks and citations omitted). Based on the testimony presented at sentencing, the district court found that the victim was especially vulnerable. This finding is plausible in light of the record as a whole and, thus, is not clearly erroneous. *See United States v. Somner*, 127 F.3d 405, 406-07 (5th Cir. 1997); *Robinson*, 119 F.3d at 1218.

Brunson further argues that the district court plainly erred in assessing two points for his 1999 conviction for unauthorized use of a motor vehicle, resulting in his placement in criminal history category II. The Government concedes that the district court's assessment of two criminal history points for the 1999 conviction was clear and obvious error for purposes of plain error review but contends that Brunson fails to show that the error affected his substantial rights.

As Brunson concedes, plain error review applies because he did not object to the calculation of his criminal history score in the district court. *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No. 10-50549

The district court's assessment of two criminal history points based on Brunson's 1999 unauthorized use of a motor vehicle conviction was clear or obvious error. *See United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006); § 4A1.2(e)(1)–(3); § 4A1.2(k)(2)(B). Because Brunson's 360-month sentence was 33 months above the upper end of the correct advisory guidelines range, Brunson has demonstrated that his substantial rights were affected and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Jones*, 596 F.3d 273, 277 (5th Cir.), *cert. denied*, 131 S. Ct. 93 (2010); *United States v. John*, 597 F.3d 263, 285-86 (5th Cir. 2010).

Accordingly, we vacate Brunson's sentence and remand for resentencing in accordance with this opinion.

**SENTENCE VACATED; CASE REMANDED.**